Curia,per

Richardson, J.
These cases are decided upon the same principles with that of C. P. Stribling ads. Martin and Walker. (Ante p. 65.)
What jurisdiction has this court in such cases? No verdict has been rendered, and the case is still pending. The commissioner may have acted illegally, in discharging the jury. But this court has no authority to re-assemble them. Possibly the plaintiffs’ complaint might be reached by a mandamus, or in some other way; but no such question is before us, and we cannot give a new trial, under the Act *96 of 1833, where there has been no trial; and all the proceedings have been, as yet, interlocutory, and to be discussed at the final decision below. Roberts vs. Stagg, N. & McC. 429; 3 McC. 90 ; Savage vs. Brooks, M. S. S. Dec. 1825, 1 Rice Dig. 43-4. It would seem as if the plaintiffs should proceed as if there had been no attempt to try the case, as in other similar cases of a mistrial. This is, however, matter for the consideration of his counsel, not for the court.
But on the other hand, the defendant appeals, because he has not been allowed to withdraw his petition and schedule, after the supposed precipitate discharge of the jury, by the Commissioner of Special Bail, although an issue of fraud had been made. Here, again, it would be enough to say, that the appeal lies not to this court.
The most inferior tribunal from which no appeal is given, is as sovereign within its proper jurisdiction, as any other court. And, assuredly, the defendant can be at no loss, how to proceed to get a trial, either under the Prison Bounds Act, or else, under the Act of 1833. Or, if his body be unlawfully detained, what is his remedy.
Such suggestions are beside the proper question for this court. Both parties have mistaken their legal remedy, in appealing to this court; and both motions are dismissed.
O’Neall, Evans, Botler and Wardlaw, JJ. concurred.